IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JANE K. RAMAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. 5:15-CV-334(MTT) |
| | ) |
| VARIETY WHOLESALERS, INC. d/b/a | ) |
| ROSES EXPRESS, | ) |
| | ) |
| Defendant. | ) |
| | ) |

# ORDER

Defendant Variety Wholesalers, Inc. has moved for summary judgment in this slip and fall case. (Doc. 8). Likely for reasons that will become apparent, Plaintiff Jane K. Ramage did not respond to Defendant's motion.[1] That alone may well be enough to entitle the Defendant to judgment in its favor. *Compare Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 971 n.36 (11th Cir. 2008) ("[The Plaintiff] did not defend the claim on summary judgment; he thus abandoned it."), *abrogated on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *with United States v. One Piece of Real Prop. Located at 5800 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004). However, it is the Court's practice in such situations to review the record to determine whether summary judgment is appropriate under Fed. R. Civ. P. 56. Here, that review will be brief.

---

[1] Ramage also failed to respond to the Defendant's statement of material facts. Local Rule 56 provides that "[a]ll material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise appropriate." Accordingly, the facts contained in the Defendant's statement are deemed admitted.

On a sunny day, Ramage was walking on a sidewalk in front of the Defendant's Roses Express store.  (Docs. 8 ¶¶ 1-2, 6; 8-1 ¶ 2; 11 at 22:13-22, 91:25-92:7).  Sometime before that, the Defendant's employee had watered plants on display in front of the store and had dutifully placed a sign warning the public that the sidewalk was wet.  (Docs. 8 ¶ 12; 8-1 ¶¶ 5, 15).  Ramage does not contend that the wet sidewalk caused her to fall; rather, she contends that the wet floor sign caused her to fall.  (Docs. 8 ¶ 2; 11 at 73:5-6, 86:2-15, 87:3-13, 91:13-15).  The Defendant's surveillance video confirms this.  (Doc. 8-4).  Although Ramage agrees that the yellow wet floor sign was open and obvious and that she clearly should have seen it, she nevertheless contends that the Defendant should have warned her that the warning sign was present.  (Docs. 8 ¶¶ 5, 10, 16-17; 11 at 84:23-85:6, 92:12-18).  That's right, Ramage wanted a warning sign for the warning sign.  In short, this case sounds like the warm-up joke for a defense lawyer's continuing legal education lecture.  It's funny, but it's not a case for a jury.  *See McLemore v. Genuine Parts Co.*, 313 Ga. App. 641, 644, 722 S.E.2d 366, 369 (2012) (affirming summary judgment for the defendant when the hazard was "open and obvious, and thus in the exercise of ordinary care, [the plaintiff] could have avoided it" and stating "[t]here is no duty to warn of the obvious" (internal quotation marks and citation omitted)).

The Defendant's motion is **GRANTED**.

**SO ORDERED**, this 23rdday of May, 2016.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT